**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOLISTIC SOLUTIONS LLC and SUZAN NICKELSON,<br><br>Petitioners,<br><br>v.<br><br>EASTBOUND COLLECTIVE LLC, PATRIK JONSSON, and ROBERT SCIARRONE,<br><br>Respondents. | Civil Action No.:<br><br>**AFFIDAVIT OF ROBERT J. DONAHER, ESQ. IN SUPPORT OF PETITION AND MOTION TO CONFIRM ARBITRATION AWARD** |

I, Robert J. Donaher, Esq., hereby declare as follows:

1. I am a Partner with the law firm A.Y. Strauss LLC, and counsel for Petitioner Holistic Solutions LLC ("Holistic") in the above-captioned matter. I represented Holistic in connection with the Arbitration before the sole arbitrator, the Honorable Stephen M. Orlofsky, U.S.D.J. (Ret.) ("Judge Orlofsky") and served as lead trial counsel during the fourteen-day Arbitration Hearing. As such, I am fully familiar with the facts contained herein.

2. I submit this Affidavit in support of the Petition to confirm the Arbitration Award issued by Judge Orlofsky in favor of Holistic and Petitioner Suzan Nickelson ("Ms. Nickelson") and against Respondents Eastbound Collective LLC ("Eastbound"), Patrik Jonsson ("Jonsson") and Robert Sciarrone ("Sciarrone") (hereinafter "Respondents").

3. On September 16, 2022, Holistic and Eastbound executed a Second Amended and Restated Operating Agreement for Holistic Solutions LLC (the "Holistic OA"). A true and accurate copy of the Holistic OA is attached hereto as **Exhibit A**.

4. Section 14.12(a) of the Holistic OA provides that "any dispute or controversy between any of the parties involving the interpretation, construction or application of any terms of

this Agreement, or transactions under it, must be solely and finally settled by arbitration in accordance with the commercial rules then in effect of the Judicial Arbitration and Mediation Services." (**Exhibit A** at p. 41) Section 14.12(b) provides that the arbitrator's decision "must be final, binding, conclusive, and non-appealable." (*Id.*)

5. Rule 24(k) of the JAMS Comprehensive Arbitration Rules and Procedures (the "JAMS Rules") provides as follows:

> The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made, or as of the effective date of service of a corrected Award.

6. Holistic commenced the Arbitration by filing a Demand for Arbitration with JAMS on July 23, 2024. A true and accurate copy of Holistic's original Demand is attached hereto as **Exhibit B**.

7. Eastbound's Answer was filed with JAMS on August 20, 2024. A true and accurate copy of the Answer is attached hereto as **Exhibit C**.

8. Holistic and Ms. Nickelson filed their responsive pleadings on September 24, 2024. A true and accurate copy of Ms. Nickelson's September 24, 2024 responsive pleadings is attached hereto as **Exhibit D**. A true and accurate copy of Holistic's September 24, 2024 responsive pleading is attached hereto as **Exhibit M**.

9. On that same date, Holistic submitted an Amended Demand for Arbitration. A true and accurate copy is attached hereto as **Exhibit E**.

10. Respondents answered Holistic's Amended Demand for Arbitration on or about October 8, 2024. A true and accurate copy is attached hereto as **Exhibit J**.

11. Ms. Nickelson submitted her Answer to Respondents' Amended Third-Party Complaint on October 30, 2025. A true and accurate copy of that Answer is attached hereto as **Exhibit F**.

12. On or about June 17, 2025, Respondents filed Amended and Supplemental Counterclaims against Holistic and an Amended Third-Party Complaint against Ms. Nickelson. A true and accurate copy is attached hereto as **Exhibit K**.

13. Holistic submitted its Answer to Respondents' Amended and Supplemental Counterclaims on October 30, 2025. A true and accurate copy of the Answer is attached hereto as **Exhibit L**.

14. The Arbitration hearing was conducted over fourteen days between December 8, 2025 and January 13, 2026. Pursuant to Section 14.12(c)(i) of the Holistic OA, Newark, New Jersey was the designated place for the Arbitration. (**Exhibit A** at p. 41) Judge Orlofsky conducted the Arbitration hearing from the Sills Cummis & Gross, P.C. Newark, New Jersey office.

15. On April 16, 2026, Judge Orlofsky issued the Final Judgment and Award (the "Award"), together with a 107-page Memorandum Opinion setting forth the factual and legal bases for the Award. A true and accurate copy of the Award is attached hereto as **Exhibit G**, and a true and accurate copy of the Memorandum Opinion is attached hereto as **Exhibit H**.

16. The Award entered judgment in favor of Holistic and against Eastbound for breach of the Holistic OA, declared that the transfer of any membership interest in Holistic to Cliffside I LLC ("Cliffside") was null and void, and confirmed that Holistic's removal of Eastbound as a member was lawful and proper and that Eastbound forfeited all of its membership interests in Holistic without consideration. (**Exs. G and H**)

17. The Award directs Eastbound to pay Holistic the sum of $1,377,277.55 and to pay Ms. Nickelson the sum of $627,650.94, in each case for attorneys' fees and costs, and awards post-judgment interest at the annual rate of 6.5% until the Award is paid in full. (*Id.*)

18. The Award has not been vacated, modified, or corrected, and no application to vacate, modify, or correct the Award is pending.

19. This proceeding is commenced within one year after the Award was issued on April 16, 2026.

20. On April 16, 2026, Judge Orlofsky served the Final Judgment and Award on counsel for all parties. A true and accurate copy of the April 16, 2026, email is attached hereto as **Exhibit I**.

21. Following issuance of the Award, I attempted to discuss satisfaction of the Award with Respondents' arbitration counsel at Sills Cummis & Gross, P.C., who largely were non-responsive. On July 21, 2026, I learned from a member of Sills Cummis & Gross, P.C. that his firm no longer represented Respondents. The member from the Sills Cummis firm represented that he did not know whether Respondents had retained substitute counsel for post-award representation.

22. After learning that Respondents were no longer represented, I contacted Respondents Jonsson and Sciarrone individually by electronic mail on August 3, 2026, and again on August 11, 2026, to inquire whether they were represented by new counsel. Neither responded.

23. To date, Respondents have refused to pay any portion of the Award and have ignored Petitioners' efforts to collect and enforce it.

24. Petitioners have incurred, and continue to incur, costs and attorneys' fees in connection with this judicial proceeding to confirm and enforce the Award, for which Petitioners seek recovery as set forth in the Petition.

25. I respectfully submit this Affidavit, and the exhibits annexed hereto, in support of the Petition and request that the Court confirm the Award and enter judgment thereon.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2026

Robert J. Donaher, Esq.
**A.Y. STRAUSS LLC**
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel: 973-582-7462
rdonaher@aystrauss.com

State of New Jersey)

County of Essex) ss:

On the 20th day of October 2026 in the year 2026, before me the undersigned, personally appeared Robert J. Donaher, personally known to me or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual(s) made such appearance before the undersigned in the city of Livingston, New Jersey.

Rosemary Stone Dougherty

ROSEMARY STONE-DOUGHERTY
Notary Public, State of New Jersey
Comm. # 50229133
My Commission Expires 01/09/2030

ROSEMARY STONE-DOUGHERTY NOTARY PUBLIC STATE OF NEW JERSEY MY COMM. EXP. 01-09-2030