EXHIBIT G

CONFIDENTIAL

**PROCEEDINGS PURSUANT TO THE JUDICIAL ARBITRATION AND MEDIATION SERVICES (JAMS) COMPREHENSIVE ARBITRATION RULES & PROCEDURES**

**CONFIDENTIAL**

| | |
|---|---|
| HOLISTIC SOLUTIONS LLC,<br><br>Claimant,<br><br>v.<br><br>EASTBOUND COLLECTIVE LLC, PATRIK JONSSON and ROBERT SCIARRONE,<br><br>Respondents. | **JAMS Ref. No. 5425002519**<br><br>**Stephen M. Orlofsky, Arbitrator**<br><br>Counsel for Holistic Solutions LLC:<br>Robert J. Donaher, Esq.<br>Alexa E. Sjolund, Esq.<br>A.Y. STRAUSS LLC<br>290 West Mount Pleasant Avenue<br>Suite 3260<br>Livingston, New Jersey 07039 |
| EASTBOUND COLLECTIVE LLC,<br><br>Counterclaimant,<br><br>v.<br><br>HOLISTIC SOLUTIONS LLC,<br><br>Counterclaim-Respondent,<br><br>and SUZAN NICKELSON, individually and as Manager of Holistic Solutions LLC,<br><br>Third-party Respondent. | Counsel for Suzan Nickelson:<br>Ethan Hougah, Esq.<br>Grace Wagner, Esq.<br>MONTGOMERY, MCCRACKEN, WALKER & RHOADS LLP<br>457 Haddonfield Road, Ste. 600<br>Cherry Hill, New Jersey 08002<br><br>Counsel for Eastbound Collective LLC, Patrik Jonsson and Robert Sciarrone:<br>Jeffrey J. Greenbaum, Esq.<br>Joseph B. Shumofsky, Esq.<br>Morgan H. Durr, Esq.<br>SILLS CUMMIS & GROSS, P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07102 |

**CONFIDENTIAL**

**FINAL JUDGMENT AND AWARD**

For the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, it is hereby ADJUDGED AND DECREED as follows:

1. Judgment is hereby entered in favor of Holistic Solutions LLC ("Holistic") and against Eastbound Collective LLC ("Eastbound") for breach of the Second Amended and Restated Operating Agreement for Holistic Solutions LLC (the "Holistic OA").

2. Judgment is hereby entered in favor of Holistic and against Eastbound, Patrik Jonsson and Robert Sciarrone (collectively, "Respondents") confirming that:

    a. Eastbound and/or Jonsson's transfer of any membership interests or other contractual rights in Holistic to Cliffside is null and void;

    b. Holistic's removal of Eastbound as a member was lawful and proper and Eastbound is not a member of Holistic; and

    c. Eastbound has forfeited, without the right to consideration or compensation, all membership interests and rights of any kind in Holistic.

3. Judgment is hereby entered in favor of Holistic Solutions LLC and against Eastbound Collective LLC in the amount of **One-Million Three-Hundred-Seventy-Seven-Thousand Two-Hundred-Seventy-Seven Dollars and Fifty-Five Cents (USD $1,377,277.55)**, for costs incurred in pursuing and defending against the claims in this proceeding. This judgment is comprised of the following amounts: $678,158.17 for reasonable attorneys' fees to A.Y. Strauss LLC ("AYS"); $12,183.00 for reasonable attorneys' fees to Vicente LLP; $7,605.75 for reimbursement of expenses advanced by AYS; $42,904.94 for the costs of MCS Group; $40,265.43 for the costs of Veritext; and $596,160.26 for Holistic's portion of the Arbitrator's fees.[1] The amount of this judgment exceeds the monetary limit of the Special Civil Part at the time of entry for calendar year 2026 (commencing January 1, 2026). Therefore, pursuant to Rule 4:42-11(a)(iii), interest will continue to accrue on the amount awarded at 6.5% annually from the date of this Final Judgment and Award until the judgment is paid in full.

4. Judgment is hereby entered in favor of Suzan Nickelson and against Eastbound Collective LLC in the amount of **Six-Hundred-Twenty-Seven-Thousand Six-Hundred-Fifty Dollars and Ninety-Four Cents (USD $627,650.94)**, for costs incurred in defending against the claims in this proceeding. This judgment is comprised of the following amounts: $620,632.00 for reasonable attorneys' fees to Montgomery,

[1] This amount includes $108,289.00, invoiced on April 2, 2026, which occurred subsequent to the parties' submission of their affidavits seeking costs.

McCracken, Walker & Rhoads LLP ("MMWR"), and $7,018.94 for reimbursement of expenses advanced by MMWR. The amount of this judgment exceeds the monetary limit of the Special Civil Part at the time of entry for calendar year 2026 (commencing January 1, 2026). Therefore, pursuant to Rule 4:42-11(a)(iii), interest will continue to accrue on the amount awarded at 6.5% annually from the date of this Final Judgment and Award until the judgment is paid in full.

5. Holistic failed to prove the following causes of action against Respondents, which are hereby dismissed with prejudice: fraudulent misrepresentation, breach of fiduciary duty, and individual liability – piercing the corporate veil.

6. The License Agreement is unenforceable as a matter of law. Holistic's claims under the License Agreement are dismissed with prejudice. Eastbound's claims under the License Agreement are dismissed with prejudice.

7. Eastbound failed to prove the following Counterclaims against Holistic and/or Third-Party Claims against Nickelson, which are hereby dismissed with prejudice:

   a. Count 1 – Breach of the Holistic OA - Inspection of the Company's books and records;
   b. Count 2 – Oppression of a minority member under N.J.S.A. 42:1A-23;
   c. Count 3 – Breach of the OA – Regulatory Problem;
   d. Count 4 – Breach of the Holistic OA - Annual Budget;
   e. Count 5 – Breach of the License Agreement;
   f. Count 6 – Fraud;
   g. Count 7 – Oppression in violation of N.J.S.A. 42:2C-48;
   h. Count 8 – Breach of Fiduciary Duty, Duties of Care, Loyalty, and Good Faith and Fair Dealing;
   i. Count 9 – Breach of duty of good faith and fair dealing;
   j. Count 10 – Breach of the Option Agreement;
   k. Count 11 – Declaratory Judgment regarding the Holistic OA; and
   l. Count 12 – Declaratory Judgment regarding the Option Agreement.

IT IS SO ORDERED,
this 16th day of April, 2026.

STEPHEN M. ORLOFSKY
Arbitrator